**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS JEFFERSON ESCOBEDO-SILVA, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 5:26-cv-02238-JMG |
| | : | |
| SUPERINTENDENT, ABRAXAS, | : | |
| ACADEMY, *et al.*, | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 8th day of April, 2026, upon consideration of Petitioner's Motion for a

Temporary Restraining Order (ECF No. 2) and the arguments made by the Parties during the

telephonic status conference held on April 8, 2026, **IT IS HEREBY ORDERED** that Petitioner's

Motion (ECF No. 2) is **DENIED**.[1]

                        BY THE COURT:

                        */s/ John M. Gallagher*
                        JOHN M. GALLAGHER
                        United States District Court Judge

---

[1] Petitioner is a noncitizen who turns 18 years old tomorrow, April 9, 2026. *See* Emergency Mot. for TRO, at 2 (ECF No. 2). Petitioner's criminal history reveals that he pled guilty to felonies he committed on November 12, 2025—specifically, aggravated assault with a deadly weapon, attempt to commit aggravated robbery, and possession with intent to deliver. *See* Emergency Pet. for Writ of Habeas Corpus ("Habeas Pet."), at 41 (ECF No. 1-2). On March 27, 2026, the 15th District Court of Grayson County, Texas placed Petitioner on deferred adjudication community supervision for a period of ten years. *See id.* at 41-42.

A few days later, Petitioner was served with a Notice to Appear for overstaying his visa. *See* Habeas Pet., at 13, 15, 16. He was transferred to Abraxas Academy in Morgantown, Pennsylvania by the morning of March 31, 2026. *See id.* at 32. Because Petitioner turns 18 years old tomorrow, ICE will be taking custody of him tomorrow. *See* Email from Evan Hughes, to Judge John M. Gallagher (Apr. 8, 2026). Petitioner expects to be transferred to Moshannon Valley Processing Center, an adult immigration detention facility. *See* Mot. for TRO at 2. He is scheduled to appear before an immigration judge next Monday, April 13, 2026. *See* Habeas Pet. at 13.

Petitioner seeks a Temporary Restraining Order ("TRO") and asks the Court to enjoin Respondents Superintendent, Abraxas Academy; William Joyce, Field Office Director, ICE; Secretary, U.S. Department of Homeland Security; and Director, Moshannon Valley Processing Center from transferring Petitioner to Moshannon Valley Processing Center or any adult detention facility. *See* Mot. for TRO, at 5. Petitioner also asks the Court to order his immediate release. *Id.*

A TRO is an "extraordinary remedy that should be granted only in limited circumstances." *Phila. Vietnam Veterans Mem'l Soc'y v. Phila.*, No. 21-1125, 2022 WL 866285 at *2 (3d Cir. Mar. 23, 2022) (citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004)) (citation modified). "[T]he moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citation modified) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)); *see Woodell v. Wenerowicz*, No. CV 18-1098, 2019 WL 4139264, at *23 (E.D. Pa. Aug. 30, 2019) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (quoting *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994))). "In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Reilly*, 858 F.3d at 176 (citation modified) (quoting *Del. River Port Auth.*, 501 F.2d at 919–20). The Court may only consider the latter two factors if Petitioner can demonstrate he "meet[s] the threshold for the first two 'most critical' factors." *Id.* at 179.

Petitioner has failed to "produce[] evidence sufficient to convince the district court that all four factors favor preliminary relief." *See Layshock v. Hermitage Sch. Dist.*, 412 F. Supp. 2d 502, 506 (W.D. Pa. 2006) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). Petitioner has not demonstrated a likelihood of success on the merits. He has not pointed to any legal authority showing that the Court can keep an adult felon, who has pled guilty to violent offenses, in a facility for minors. Petitioner also has not provided the Court any evidence that Moshannon Valley Processing Center cannot provide him treatment. Nor has Petitioner provided the Court with current nor sufficient evidence to establish that he is not presently receiving treatment at Abraxas. Additionally, Petitioner has not shown irreparable harm. To the contrary, Petitioner has a hearing before the immigration judge scheduled in just five days. The immigration judge can assess at that hearing whether bail is appropriate. Ordering Petitioner to stay at Abraxas would also put others at Abraxas at risk. The Court would be keeping a violent adult felon amongst minors. As would his release put the public at risk. Accordingly, Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED**.